UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
SULANE G.                     :    Civ. No. 3:19CV00364(SALM)
                              :
v.                            :
                              :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION¹      :    July 3, 2023
                              :
------------------------------x
```

### RULING ON MOTION FOR ALLOWANCE OF ATTORNEY'S FEES UNDER 42 U.S.C. §406(b) [Doc. #22]

Attorney Ivan M. Katz ("counsel") has filed a motion for attorney's fees pursuant to 42 U.S.C. §406(b), seeking an award of fees in the amount of $15,350.00. See Doc. #22 at 1. Defendant Commissioner of the Social Security Administration ("defendant" or "Commissioner") has filed a response to the motion. [Doc. #24]. For the reasons articulated below, the Motion for Allowance of Attorney's Fees Under 42 U.S.C. §406(b)

---

[1] Plaintiff named Andrew Saul, a former Commissioner of the Social Security Administration, as defendant. Claims seeking judicial review of a final agency decision are filed against the Commissioner in his or her official capacity; as a result, the particular individual currently serving as Commissioner is of no import. See Fed. R. Civ. P. 17(d) ("A public officer who ... is sued in an official capacity may be designated by official title rather than by name[.]"); 42 U.S.C. §405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). Accordingly, the Clerk of the Court is directed to update the docket to name the Commissioner of the Social Security Administration as the defendant. See Fed. R. Civ. P. 25(d); 42 U.S.C. §405(g).

1

[**Doc. #22**] is **GRANTED, in part**, in the total amount of $14,150.00.

A.  **Background**

Plaintiff Sulane G. ("plaintiff") filed an application for a period of disability and disability insurance benefits on July 18, 2016, alleging disability beginning May 23, 2016. See Certified Transcript of the Administrative Record, Doc. #11 and attachments, compiled on April 18, 2019, (hereinafter "Tr.") at 198-99. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ denied plaintiff benefits on May 1, 2018. See Tr. 11-31. After exhausting her administrative remedies, plaintiff, through counsel, filed the Complaint in this case on March 7, 2019. [Doc. #1]. On May 7, 2019, defendant filed the official transcript. [Doc. #11]. Following an extension of time, on September 3, 2019, plaintiff filed her motion to reverse the Commissioner's decision, together with a statement of material facts and a supporting memorandum. [Doc. #15]. On October 24, 2019, the Commissioner filed a Consent Motion to Remand to Agency Pursuant to Sentence Four of 42 U.S.C. §405(g) ("Motion to Remand"). [Doc. #16]. On that same date, the undersigned granted defendant's Motion to Remand. [Doc. #17]. Judgment was entered on November 7, 2019. [Doc. #19].

On December 9, 2019, the parties filed a Stipulation for Allowance of Fees under the Equal Access to Justice Act ("EAJA")

[Doc. #20], together with a "Statement of Plaintiff's Attorney re: Stipulation Under the EAJA[,]" Doc. #20-1, agreeing that the Commissioner should pay fees in the amount of $7,000.00 (hereinafter the "Stipulation"). See Doc. #20 at 1. On December 13, 2019, the Court approved and so ordered the Stipulation for the stipulated amount of $7,000.00. See Doc. #21.

Counsel represents that following the remand by this Court, plaintiff relocated to Florida and retained Florida counsel to represent her. See Doc. #22 at 1. "Thereafter, a Fully Favorable decision was issued by an" ALJ. Id. (sic). The SSA issued a "Notice of Award" to plaintiff dated April 22, 2023. Doc. #22-1 at 1. Counsel represents that he did not receive the Notice of Award until May 22, 2023, when he received it by email from plaintiff's Florida counsel. See Doc. #22 at 2.

The Notice of Award informed plaintiff that she was "entitled to monthly disability benefits from Social Security beginning November 2016[,]" Doc. #22-1 at 1, in the total amount of "$85,400.00 for November 2016 through September 2022." Id. at 3. The Notice of Award states: "We have approved the fee agreement between you and your representative. ... Under the fee agreement, the representative cannot charge you more than $7,200.00 for his or her work." Id. Counsel represents: "Plaintiff's Florida counsel was, pursuant to agreement, paid $7,200.00 for her work." Doc. #22 at 2.

3

The Notice of Award also states:

Based on the law, we must withhold part of the past-due benefits to pay an appointed representative. We cannot withhold more than 25 percent of past-due benefits to pay an authorized fee. We withheld $21,350.00 from your past-due benefits to pay your representative.

We are paying the representative from the benefits we withheld.

...

We will still withhold the remaining, $15,350.00, in case your lawyer asks the Federal Court to approve a fee for work that was done before the court.

Doc. #22-1 at 4.

Counsel now seeks an award of $15,350.00 in attorney's fees pursuant to 42 U.S.C. §406(b), and in accordance with the retainer agreement executed by plaintiff on January 10, 2018. See Doc. #22-2.[2] Defendant has filed a response to the motion, requesting "in her limited role as quasi-trustee, ... that the Court determine the timeliness and reasonableness of" counsel's motion for attorney's fees. Doc. #24 at 5.

B. **Timeliness of Motion**

Counsel's section 406(b) application is subject to the fourteen-day filing period set forth in Rule 54 of the Federal Rules of Civil Procedure. See Sinkler v. Berryhill, 932 F.3d 83, 85 (2d Cir. 2019); Fed. R. Civ. P. 54(d)(2)(B)(i) ("A claim for

---

[2] Counsel represents that a copy of his motion has been provided to plaintiff. See Doc. #22 at 5.

4

attorney's fees ... must be made by motion" and "must ... be filed no later than 14 days after the entry of judgment[.]"). "Where, as here, a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award." Sinkler, 932 F.3d at 85.

The Notice of Award issued to plaintiff bears a date of April 22, 2023. See Doc. #22-1. Counsel concedes that his section 406(b) application was not filed "within fourteen days" of the Notice of Award's issuance. Doc. #22 at 2. However, counsel represents that he did not receive a copy of the Notice of Award until May 22, 2023, the same date on which he filed the section 406(b) application. See id. The "fourteen-day limitations period is not absolute[]" and the Court is "empowered to enlarge that filing period where circumstances warrant." Sinkler, 932 F.3d at 89. Accordingly, the Court will first determine whether the present circumstances warrant enlarging the filing period for plaintiff's fee application.

Under Rule 54, counsel's section 406(b) fee application was due on or before May 11, 2023.[3] Here, counsel filed his fee

---

[3] The Court presumes that plaintiff received the notice of award on April 27, 2023, which is five days after April 22, 2023. See 20 C.F.R. §404.1703.

5

application on May 22, 2023, just eleven days "after the fourteen-day deadline -- a short delay in marked contrast to the six-month delay in Sinkler." Lesterhuis v. Comm'r of Soc. Sec., 408 F. Supp. 3d 292, 295 (W.D.N.Y. 2019). Unlike counsel in Sinkler, here counsel "has offered a justification for the short delay in filing the pending motion." Id. Additionally, "[g]ranting the motion would not prejudice the plaintiff, who agreed to the requested attorney's fees, and denying the motion [on grounds of timeliness] would eliminate a benefit due to counsel under the contingency fee agreement." Henderson v. Kijakazi, No. 3:17CV00636(AWT), 2021 WL 5206385, at *3 (D. Conn. Nov. 9, 2021).

Accordingly, like other courts in this Circuit, the Court will exercise its discretion and allow plaintiff's counsel to file his section 406(b) application outside the fourteen-day filing deadline. See, e.g., Henderson, 2021 WL 5206385, at *3 (permitting late filing of section 406(b) application where "[c]ounsel was diligent and filed the motion for attorney's fees 11 days after receiving notice" of the award); Walls v. Comm'r of Soc. Sec., No. 3:17CV01669(RMS), 2020 WL 3026462, at *3 (D. Conn. June 5, 2020) (finding that section 406(b) motion filed eight days after the filing deadline "was timely filed[]" given the "short delay[]").

6

C.  **Reasonableness of Fees Sought**

Having determined that the section 406(b) fee application has been timely filed, the Court next considers the reasonableness of the fees sought.

1.  **Legal Standard**

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]

42 U.S.C. §406(b)(1)(A). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b),

> a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations.

Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Ultimately, the attorney seeking the award "must show that the fee sought is

7

reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

In Gisbrecht, the Supreme Court "provided examples of factors a court might consider in conducting this reasonableness analysis." Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022). First, the Court may consider "the character of the representation and the results the representative achieved," and "may reduce the requested fees where the representation is substandard." Id. (citation and quotation marks omitted). "Second, ... a reduction is appropriate were the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused." Id. (citation and quotation marks omitted). Third, "a reduction may be in order if the benefits are large in comparison to the amount of time counsel spent on the case — the so-called 'windfall' factor[.]" Id. (citation and quotation marks omitted).

When analyzing the third "windfall" factor, the Second Circuit has instructed courts to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[,]" id. at 854; (2) "the nature and length of the professional relationship with the claimant — including any

representation at the agency level[,]" id. at 855; (3) "the satisfaction of the disabled claimant[,]" id.; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id.

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. "Thus, a reduction in the agreed-upon contingency amount should not be made lightly[,]" Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007), and is appropriate "only when [the court] finds the amount to be unreasonable." Wells, 907 F.2d at 371.

2. Discussion

Counsel states: "The undersigned, and the plaintiff, had agreed that the fees charged by the undersigned for work before the Social Security Administration and this Court would not exceed 25% of past due benefits[.]" Doc. #22 at 2; see also Doc. #22-2 at 1 (retainer agreement). Counsel accordingly seeks twenty-five percent of the $85,400.00 in retroactive benefits awarded to plaintiff, less the amount awarded to plaintiff's Florida counsel; counsel calculates this as a total fee award of $15,350.00. See Doc. #22 at 2 n.1.

Counsel's calculation is incorrect, based on the information provided. As set forth in the Notice of Award, the

SSA awarded plaintiff $85,400.00 in retroactive benefits. See Doc. #22-1 at 3. Twenty-five percent of that amount, $21,350.00, was withheld by the SSA to pay an authorized fee to plaintiff's representatives. See id. Counsel now seeks $15,350.00 in fees, which he represents "is the withheld balance [$21,350.00], net of the $7,200.00 previously paid to Florida counsel." Doc. #22 at 2 n.1. But if $7,200.00 was paid to Florida counsel from the $21,350.00 withheld, then the remaining balance is $14,150.00, not $15,350.00. Counsel makes no effort to explain this discrepancy, which is apparent from the face of the Notice of Award.[4] The Court therefore considers whether, in light of the factors discussed above, an adjusted fee award of $14,150.00 is reasonable.

First, there is no evidence that the adjusted fee is out of line with "the character of the representation and the results the representative achieved[.]" Fields, 24 F.4th at 853 (citation and quotation marks omitted). Counsel achieved a favorable result for plaintiff by securing a Sentence Four remand to the administrative level. See Doc. #21. Plaintiff thereafter obtained an award of past-due benefits, which likely would not have been possible without counsel's efforts at the District Court level. See Doc. #22 at 1-2.

---

[4] The fact that the SSA apparently withheld $15,350.00 is insufficient to support an award in that amount.

Second, there is nothing to suggest that counsel unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and increase his fee.

Third, the Court considers whether there has been a windfall to counsel. See Fields, 24 F.4th at 853. Counsel spent 35 hours working on this case at the District Court level. See Doc. #22 at 5.[5] The adjusted fee requested pursuant to section 406(b) – $14,150.00 – results in an hourly rate of $404.29, which is significantly lower than other section 406(b) fee awards that have been approved in this Circuit. See, e.g., Sama v. Colvin, No. 3:10CV01268(VLB)(TPS) 2014 WL 2921661, at *4 (D. Conn. June 25, 2014) (approving section 406(b) fee award at an effective hourly rate of $785.30); Joslyn v. Barnhart, 389 F. Supp. 2d 454, 455-57 (W.D.N.Y. Oct. 4, 2005) (approving section 406(b) fee award at an effective hourly rate of $891.61); Destefano v. Astrue, No. 05CV03534(NGG), 2008 WL 623197, at *6 (E.D.N.Y. Mar. 4, 2008) (approving section 406(b) fee award at an hourly rate of $849.09), report and recommendation adopted, 2008 WL 2039471 (May 9, 2008). The Court finds that a fee of $14,150.00 is reasonable and would not be a windfall to counsel. A consideration of the windfall factors set forth in Fields does not alter this conclusion. See Fields, 24 F.4th at 854-55.

---

[5] This is consistent with the hours claimed in counsel's EAJA application. See Doc. #20-1.

Finally, as acknowledged by counsel, he must return to plaintiff the $7,000.00 previously awarded by the Court under the EAJA. See Doc. #22 at 5; Gisbrecht, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under §406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." (citation and quotation marks omitted)).

**D.   Conclusion**

For the reasons set forth herein, the Motion for Allowance of Attorney's Fees Under 42 U.S.C. §406(b) [**Doc. #22**] is **GRANTED, in part,** in the total amount of **$14,150.00**.

**The award of $14,150.00 supersedes and replaces the $7,000.00 in attorney's fees previously awarded by the Court on December 13, 2019. See Doc. #21.** Upon receipt of the amended award, Attorney Katz is ordered to refund to plaintiff the amount of **$7,000.00,** and to thereafter file a certification on the docket that he has done so.

Attorney Katz shall provide a copy of this Ruling to plaintiff at her last known mailing or email address.

It is so ordered at Bridgeport, Connecticut this 3rd day of July, 2023.

                                                  /s/
                                  HON. SARAH A. L. MERRIAM
                                  UNITED STATES CIRCUIT JUDGE
                                  Sitting by Designation